IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ISAIAH McCOY, #A6101589, | ) | CIV. NO. 20-00384 DKW-RT |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | AND DENYING CERTIFICATE OF |
| vs. | ) | APPEALABILITY |
| | ) | |
| FRANCIS SEQUEIRA, TODD W. | ) | |
| EDDINS, DAVID VAN ACKER, | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Before the Court is pro se petitioner Isaiah McCoy's "Petition under 28 U.S.C. [§] 2241(c)(3)[;] 28 U.S.C. [§] for A Writ of Habeas Corpus" ("Petition"). ECF No. 1. McCoy is awaiting trial in *State v. McCoy*, CR. No. 19-1279 (Haw. 1st Cir.),[1] for Robbery in the Second Degree, in violation of Hawaii Revised Statutes § 708-841(1)(a). He challenges the revocation of his release on bail, loss of his bail bond, imposition of a greater amount of bail, and continued pre-trial detention. Pet. at #5.

Because McCoy's state criminal proceedings are clearly ongoing in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), and he unequivocally states that he has *not* appealed the revocation of release on bail or

---

[1]Also referred to as 1CPC-19-0001279.  *See* Hawaii Judiciary Management System, eCourt Kokua https://jimspss1.courts.state.hi.us/JIMSExternal.

raised his claims to the Hawaii appellate courts in any manner, the Court abstains from reviewing the Petition, and it is DISMISSED without prejudice as unexhausted.  Any request for a certificate of appealability is DENIED.

## I.   BACKGROUND[2]

McCoy is in pre-trial custody at the Oahu Community Correctional Center ("OCCC"), awaiting trial currently scheduled for October 11, 2020.  McCoy is representing himself in the circuit court, although he has had court-appointed standby counsel throughout his state criminal proceedings.  He challenges the revocation of his release on bail, forfeiture of his bail bond, and reinstatement of bail at $200,000.  *See* https://jimspss1.courts.state.hi.us/JIMSExternal, *McCoy*, 1CPC-19-0001279, Dkt. Nos. 75, 214.[3]  McCoy argues that the circuit court's finding "that there was no condition or combination of condition[s that] will reasonably assure the appearance of McCoy when required for trial or assure the

---

[2]These facts are taken from the Petition and McCoy's state court criminal docket. *See* 28 U.S.C. § 2254(e)(1); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (holding state court determinations of fact are "presumed to be correct" in habeas proceedings); *see also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

[3]A court may take judicial notice of undisputed matters of public record, including court records.  *See* Fed. R. Evid. 201(b); *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018); *see* https://jimspss1.courts.state.hi.us/JIMSExternal (*State v. McCoy*, 1CPC-19-0001279; Dkt. No. 226).

safety of the community" is erroneous and violated his constitutional rights. ECF No. 1 at #1.

On or about May 1, 2020, McCoy gave a state petition for writ of habeas corpus challenging the circuit court's decisions to his then-standby counsel, Barry Sooalo, Esq., to file on his behalf. He alleges that Sooalo failed to file this petition.

McCoy argues that the revocation of bail, forfeiture of his bail bond, and increase in bail from $100,000 to $200,000 is unconstitutional because he is charged with "a non capital offense which is a probationable offense." *Id.* at #4. McCoy states that he has not been convicted of a crime in the past ten years, and poses no risk to the community, nor any likelihood of failing to appear at trial.[4] He fears that his reincarceration at OCCC puts him at risk of contracting COVID-19. He seeks reinstatement of his previous bail amount and immediate release without imposition of another bail bond.

## II.   DISCUSSION

A pre-trial detainee's challenge to a bail determination is properly raised under 28 U.S.C. § 2241. *See Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018). Under Rule 4 of the Rules

---

[4] After McCoy posted a bail bond in September 2019, he was arrested on a bench warrant at the Honolulu International Airport preparing to board a flight to Los Angeles. *See McCoy*, 1CPC-19-001279, Order, Dkt. No.75.

Governing Section 2254 Cases ("Habeas Rules"), the district court is required to perform a preliminary review of all habeas petitions, including those brought under § 2241.  *See* Habeas Rule 1(b) ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254).  The court is required to summarily dismiss a habeas petition, before ordering the respondent to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id.*

**A.     Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).  A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Although § 2241(c)(3) does not explicitly require exhaustion, federal courts "require, as a prudential matter, that habeas

petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation omitted).

"Where a petitioner seeks pre-conviction habeas relief, [the] exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Although there is a narrow exception to the exhaustion requirement for "special circumstances," this is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Courts routinely hold that an excessive bail claim does not meet the "special circumstances" standard. *See*, *e.g.*, *Kanongata'a v. Jones*, 2020 WL 4674268, at *2 (E.D. Cal. Aug. 12, 2020); *Dudley v. Niell*, 2015 WL 6855635, at *4 (N.D. Tex. Oct. 9, 2015), *adopted*, 2015 WL 6809296 (N.D. Tex. Nov. 6, 2015) ("[A] challenge to the reasonableness of a pretrial bond is cognizable in a federal habeas corpus action after exhaustion of state court remedies."); *Lazarus v. Baca*, 2010

WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (abstaining from considering bail claim prior to exhaustion, noting "state proceedings provide petitioner with an adequate opportunity to litigate her constitutional claims."), *aff'd*, 389 F. App'x 700 (9th Cir. 2010).

McCoy affirmatively states that he has not raised the issues presented in his Petition to any state court via appeal or state petition for collateral relief. Although he chose to represent himself in his state criminal proceedings, despite the circuit court's warnings of the dangers of self-representation, he fails to explain why he is unable to raise his excessive bail claim in the state appellate courts. Nothing within the Petition or the publicly available record in McCoy's criminal proceedings indicates special circumstances warranting federal intervention despite McCoy's failure to exhaust his claims. Accordingly, the Petition is DISMISSED without prejudice as unexhausted.

**B.**   ***Younger* Abstention**

Additionally, the Supreme Court holds that a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *see also Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies equally to damages actions). Under *Younger*,

federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them.  *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

*Younger* abstention is appropriate when state court proceedings (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise the constitutional claims.  *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).  When *Younger* is satisfied, a federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist.  *See Baffert*, 332 F.3d at 617.

First, McCoy is awaiting prosecution on state criminal charges, his criminal proceedings are clearly ongoing, and no final judgment has been issued or sentence imposed.  *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence.  The sentence is the judgment." (citation omitted)).

Second, Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (explaining that enforcement of state court judgments and orders implicates important state interests); *California v. Mesa*, 813 F.2d 960,

966 (9th Cir. 1987) ("[A state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty.").

Third, McCoy has challenged his allegedly excessive bail repeatedly in his circuit court criminal proceedings, but he provides no explanation why he cannot raise these claims on appeal. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). There are no procedural bars preventing McCoy from raising his excessive bail claims in the state appellate courts.

All elements requiring *Younger* abstention are present here. Nothing in the Petition or in the publicly available state court records indicates that McCoy's state prosecution is being conducted in bad faith or that any extraordinary circumstances warranting intervention exist. The Court must abstain from interfering in McCoy's ongoing state criminal proceedings until they are concluded through direct appeal.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to Habeas Rule 11, a federal court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  McCoy fails to make a substantial showing of the denial of a constitutional right, and the Court DECLINES to issue a certificate of appealability.

## IV.   CONCLUSION

(1)   The Petition for Writ of Habeas Corpus is DISMISSED without prejudice as unexhausted and pursuant to the *Younger* abstention doctrine.

(2)   Any pending motions are DENIED.

(3) Any request for a certificate of appealability is DENIED.

(4)  The Clerk of Court SHALL close the file and terminate this action.

IT IS SO ORDERED.

DATED: September 18, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Isaiah McCoy v. Francis Sequeira, et al*; Civil No. 20-00384 DKW-RT; **ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

*McCoy v. Sequeira, et al.*, No. 1:20-cv-00384 DKW-RT; hab '19 (dsm 2241 unexh. Younger abst)